UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JERRY ERWIN ASSOCIATES, INC.**, a Washington corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>**J. PHILLIP BROSSEAU**, an individual; **ROB GARRETT**, an individual; **RANDY BOX**, an individual; **BROSSEAU DEVELOPMENT LLC**, a Texas limited liability company; **BOX INTERESTS, INC.**, a Texas corporation; **CYPRESS SPRINGS ALZ, LLC**, a Texas limited liability company; **CYPRESS TULSA OPERATIONS, LLC**, an Oklahoma limited liability company; **CYPRESS OKC OPERATIONS, LLC**; an Oklahoma limited liability company; **CYPRESS WICHITA OPERATIONS, LLC**, a Kansas limited liability company; and **CYPRESS KANSAS CITY OPERATIONS, LLC**; a Kansas limited liability company,<br><br>         Defendants. | *Jury Demand*<br><br>**Case No.** _____ |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
### FOR COPYRIGHT INFRINGEMENT

For its complaint against defendants J. Phillip Brosseau, Rob Garrett, Randy Box, Brosseau Development LLC, Box Interests, Inc.; Cypress Springs ALZ, LLC; Cypress Tulsa Operations, LLC; Cypress OKC Operations, LLC; Cypress Wichita Operations, LLC; and Cypress Kansas City Operations, LLC (collectively "Defendants"), plaintiff Jerry Erwin Associates, Inc., alleges as follows:

### THE PARTIES

1.      Plaintiff Jerry Erwin Associates, Inc. ("JEA") is a Washington corporation with its

principal place of business in Vancouver, Washington. JEA is in the business of designing, building, and operating care facilities for Alzheimer's patients.

2. Defendant J. Phillip Brosseau ("Brosseau") is an individual residing in Texas.

3. Defendant Rob Garrett ("Garrett") is an individual residing in Oklahoma.

4. Defendant Randy Box ("Box") is an individual residing in Texas.

5. Defendant Brosseau Development LLC ("Brosseau Development") is a Texas limited liability company. Defendant Brosseau is the sole member and manager of Brosseau Development.

6. Defendant Box Interests, Inc. ("Box Interests") is a Texas corporation. Defendant Box is president and director of Box Interests.

7. Defendant Cypress Springs ALZ, LLC ("CSALZ") is a Texas limited liability company. Brosseau Development and Box Interests are members of CSALZ.

8. Defendant Cypress Tulsa Operations, LLC ("CTO") is an Oklahoma limited liability company. On information and belief, CTO is wholly owned by CSALZ.

9. Defendant Cypress OKC Operations, LLC ("COCO") is an Oklahoma limited liability company. On information and belief, COCO is wholly owned by CSALZ.

10. Defendant Cypress Wichita Operations, LLC ("CWO") is a Kansas limited liability company. On information and belief, CWO is wholly owned by CSALZ.

11. Defendant Cypress Kansas City Operations, LLC ("CKCO") is a Kansas limited liability

company. On information and belief, CKCO is wholly owned by CSALZ.

## JURISDICTION AND VENUE

12.   This is an action for copyright infringement under the Copyright Act of 1976, as amended, 17 USC § 101, *et seq.* This Court has jurisdiction of this action pursuant to 28 USC §§ 1331 and 1338(a).

13.   Venue is proper in this district under 28 USC §§ 1391 and 1400(a).

## FACTUAL ALLEGATIONS

14.   In or around 1995, JEA engaged Vancouver, Washington architect James Zachrison to draft plans for a 56-bed Alzheimer's care facility JEA intended to build.

15.   Thereafter, in or around 2005, at the insistence of JEA, Jenson & Halstead, an architectural firm, modified the plans drafted by Zachrison to depict a 66-bed facility ("JEA Plans").

16.   Zachrison and Jenson & Halstead have all made a written assignment to JEA of their respective copyrights in the JEA Plans or else disavowed any such interest. JEA now holds all copyrights in the JEA Plans.

17.   With respect to the JEA Plans, JEA has complied with the Copyright Act of 1976 and all other laws governing copyright. JEA applied for copyright registration and made the required deposit on September 22, 2011. On September 22, 2011, the Copyright Office sent JEA notice that it had received JEA's completed applications. The Claim ID Numbers for the JEA Plans are 1-AZHW9D and 1-AZH0DH.

18.   In or around 1997, JEA partnered with South Bay Partners, Ltd. ("South Bay") to

develop and build Alzheimer's care facilities nationally. Pursuant to the partnership, JEA shared the JEA Plans with South Bay. South Bay would locate suitable land, develop it, and use the JEA Plans to construct a care facility. JEA would then operate the completed facilities.

19. In the course of the partnership, JEA provided physical copies of the JEA Plans to South Bay. South Bay kept these plans in an unlocked workroom at its offices in Dallas, Texas.

20. In or around 2007, defendant Brosseau approached Craig Spaulding, one of South Bay's principals, looking for work. Brosseau represented that he had been a real estate developer and broker and was looking to get into the business of developing facilities for senior care. Although Brosseau had never worked in this particular business before, South Bay offered to take him in. South Bay provided Brosseau an office across the hall from the workroom where it kept the JEA Plans.

21. While South Bay and Brosseau were working together, South Bay began targeting Oklahoma for development of a new Alzheimer's care facility. To this end, Brosseau accompanied South Bay employees to Oklahoma on at least one occasion. Brosseau attempted to negotiate a formal financial arrangement with South Bay, demanding fifty percent of the profits from the development, construction, and sale of the Oklahoma care facility South Bay intended to build. South Bay refused Brosseau's proposal and, when Brosseau persisted in his demands, asked Brosseau to move out and go his separate way.

22. On information and belief, before leaving South Bay's offices, Brosseau copied or took an existing copy of the JEA Plans for himself.

23. After parting with South Bay, Brosseau partnered with defendants Garrett and Box to build and market Alzheimer's care facilities in Oklahoma and Kansas using the JEA Plans with

insubstantial modifications ("Infringing Plans").  On information and belief, Brosseau, through Brosseau Development, and Box, through Box Interests, formed defendant CSALZ to develop and build a 66-bed care facility in each of the following locations:  Tulsa, Oklahoma; Oklahoma City, Oklahoma; and Wichita, Kansas.  Brosseau and Box partnered with Garrett to build these three facilities.

24. On information and belief, defendant CSALZ owns defendants CTO, COCO, and CWO, which in turn own the care facilities located in Tulsa, Oklahoma City, and Wichita, respectively.  On information and belief, defendants Brosseau, Box, and Garrett are members and principals of defendants CTO, COCO, and CWO.

25. On information and belief, defendants Brosseau, Box, Garrett, and CSALZ also formed defendant CKCO for the purpose of developing and building a care facility in Overland Park, Kansas, a suburb of Kansas City, using the Infringing Plans. On information and belief, defendants Brosseau, Box, and Garrett are members and principals of defendant CKCO. On information and belief, CSALZ owns CKCO.

26. JEA first became aware of Defendants' existence and conduct when it received a marketing brochure for a new Alzheimer's care facility offered for sale in Tulsa, Oklahoma.  The brochure included a picture of the Tulsa facility's 66-bed floor plan which is substantially similar to the floor plans of the 66-bed facilities built by JEA using the JEA Plans.

27. On information and belief, the care facilities located in Oklahoma City and Wichita are materially identical to the Tulsa facility and were built using the same Infringing Plans that defendants Brosseau, Brosseau Development, Box, Box Interests, Garrett, and CTO used to build the Tulsa

facility.

28. On information and belief, the care facility planned for construction in Overland Park, Kansas will be built using the same Infringing Plans that defendants Brosseau, Brosseau Development, Box, Box Interests, Garrett, and CTO used to build the Tulsa facility.

**CLAIM FOR RELIEF**

**Count I**

**(Copyright Infringement)**

**(Against All Defendants)**

29. JEA realleges and incorporates herein its allegations in paragraphs 1 through 28 above.

30. Brosseau's involvement with South Bay gave him reasonable opportunity to access and copy the JEA Plans.

31. The other Defendants had reasonable opportunity to access and use the JEA Plans by virtue of their association with Brosseau.

32. Alternatively, the similarities between the JEA Plans and the Infringing Plans are so striking as to preclude the possibility that Defendants independently created the Infringing Plans without copying the JEA Plans.

33. On information and belief, by virtue of his positions in Box Interests, CSALZ, CTO, COCO, CWO, and CKCO, defendant Box possessed the right and ability to supervise the conduct by which JEA's copyright in the JEA Plans was infringed. Box had a direct financial interest in the exploitation of the JEA Plans.

34. On information and belief, by virtue of his positions in CSALZ, CTO, COCO, CWO, and CKCO, defendant Garrett possessed the right and ability to supervise the conduct by which JEA's copyright in the JEA Plans was infringed. Garrett had a direct financial interest in the exploitation of the JEA Plans.

35. The Infringing Plans copy the overall form and the arrangement and composition of spaces and elements in the design of the JEA Plans. Such arrangement, composition, and elements of the JEA Plans are copyrightable subject matter.

36. JEA has been and will continue to be damaged by Defendants' wrongful infringement. JEA is entitled to a permanent injunction prohibiting Defendants and all persons or entities acting in concert with them from further acts of copyright infringement of the JEA Plans.

37. JEA is further entitled to recover from Defendants any gains, profits, and advantages obtained by Defendants as a direct result of their willful acts of infringement, the precise amount to be proven at trial.

## Count II

### (Aiding and Abetting)

### (Against All Defendants, Excluding Brosseau)

38. JEA realleges and incorporates herein its allegations in paragraphs 1 through 37 above.

39. The use of the JEA Plans to develop and build the Alzheimer's care facilities in Tulsa, Oklahoma City, and Wichita, and the facility planned in Overland Park, Kansas, was and is pursuant to a plan or agreement among the Defendants.

40. Defendants had reason to know that Brosseau's and/or CSALZ's conduct as alleged above infringed JEA's copyright in the JEA Plans.

41. Defendants actively assisted Brosseau and/or CSALZ in this infringement of JEA's copyright in the JEA Plans.

42. Defendants are jointly and severally liable for the damages to JEA arising from Brosseau's and/or CSALZ's infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an injunction prohibiting Defendants and any person or entity acting in concert with them from using the JEA Plans without authorization;

2. For damages in an amount to be proven at trial; and

3. For such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED:  October 7, 2011.

Respectfully submitted,

KANE RUSSELL COLEMAN & LOGAN PC

By   /s/ Kevin P. Perkins
    Kenneth W. Biermacher
    State Bar No. 02302400
    Kevin P. Perkins
    State Bar No. 24053420

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Phone: 214.777.4200
Facsimile: 214.777.4299
e-mail: kbiermacher@krcl.com
e-mail: kperkins@krcl.com

ATTORNEYS FOR PLAINTIFF

TONKON TORP LLP
Jon P. Stride, OSB No. 903887
David M. Weiler, OSB No. 85639
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204-2099
Phone: 503.221.1440
Facsimile: 503.274.8779
e-mail: jon.stride@tonkon.com
e-mail: david.weiler@tonkon.com

ATTORNEYS FOR PLAINTIFF WHO WILL SEEK PRO HAC VICE ADMISSION